**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARIO SEGOVIA-OROSCO,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-1396-R** |
| | **)** | |
| **MARKWAYNE MULLIN, et al.,**[1] | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

**REPORT AND RECOMMENDATION**

Petitioner Mario Segovia-Orosco, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded and Petitioner replied, so the matter is at issue. Docs. 8 & 9.

---

[1] Fred Figueroa is the current Warden of the Diamondback Correctional Facility and the Government did not file its response on his behalf. Doc. 8, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant the petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a citizen of Mexico and maintains that he "has resided continuously in the United States since . . . 2007." Doc. 1, at 20. On or about April 14, 2026, Immigration and Customs Enforcement (ICE) surrounded and stopped Petitioner while he was driving. *Id.* He states the ICE officers broke the car windows and forcibly extracted him from the vehicle before seeking his identification. *Id.* He was transferred to the Diamondback Correctional Facility, and since filing his petition, he has been transferred to the Webb County Detention Center in Laredo, Texas. *Id.*; Doc. 10, Ex. 1, at 2.

## II. Petitioner's claims.

Petitioner raises two grounds for relief:

(1) Violation of the Immigration and Nationality Act (INA); and

(2) Violation of due process.

Doc. 1, at 22-26.

Petitioner asks the Court to order that he not be transferred outside of this district while his petition remains pending;[4] to order Respondents to produce all documents related to his detention (namely the I-213, I-862, I-200, and I-286 Forms); to issue an order to show cause as to why the petition should not be granted within three days;[5] to order his immediate release or, in the alternative, to order a prompt individualized bond hearing; to declare his detention unlawful; and to award attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 26-27.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

---

[4] This request is moot, given Petitioner's transfer.

[5] The Court addressed this request in part in its Order for Response, Doc. 6.

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226 governs Petitioner's detention.

The parties agree that § 1226 applies. *See* Doc. 8, at 1; Doc. 9, at 2. "[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. April 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026)], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner has been residing in the United States for nearly twenty years and was present in the country when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026

WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

The Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or otherwise release Petitioner. *See Santillan Quiroz*, 80 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[6]

**B. The Court should decline to address Petitioner's remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's second claim for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner

---

[6] As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.**

**Respondents must produce all documents related to Petitioner's detention, including the I-213, I-862, I-200, and I-286 Forms, and certify they have done so.**

**The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within five business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Webb County Detention Center.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 12,

2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

7 Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").